GARY M. RESTAINO
United States Attorney
District of Arizona
JOSEPH BOZDECH
California State Bar Number 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: joseph.bozdech@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV23-02369-PHX-JFM |
| Plaintiff, | **MOTION FOR DEFAULT JUDGMENT OF FORFEITURE** |
| v. | |
| 212883.834297 Tether ("USDT"), | |
| Defendant *In Rem*. | |

      Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Supplemental Rule G(5)(a), the United States of America moves for a default judgment regarding the interests of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others in defendant 212883.834297 Tether ("USDT") (the "defendant property").

      This request is based upon the failure of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others to answer or otherwise plead as required by law. As evidenced by the Court file, the United States has complied with all notice and pleading requirements, no party has pled or defended in this matter, and the time in which to do so has passed. The government has satisfied both Fed. R. Civ. P. 55(a) and 55(b) by having the Clerk of the Court enter a default against the potential interests of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others in the defendant property.

## BACKGROUND

On November 13, 2023, the United States filed a verified Complaint for Forfeiture *In Rem* pursuant to Supplemental Rule G(2). Doc. 1. The Complaint alleges the defendant property: (1) constitutes or derives from proceeds traceable to a violation of a specified unlawful activity as defined in 18 U.S.C. § 1956 (c)(7), including but not limited to wire fraud, 18 U.S.C. § 1343, or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); and (2) was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, money laundering, and therefore is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

Pursuant to Supplemental Rule G(3), a Clerk issued a warrant for arrest *in rem* for the defendant property, Doc. 3, and the Federal Bureau of Investigation subsequently arrested the defendant property. Doc. 6. As required by Supplemental Rule G(4), on November 16, 2023 the government sent direct notice of the forfeiture action to Liang Jiner via e-mail. *See* Notice of Service by Mail and Publication. Doc. 7. Additionally, on December 18, 2023 the government sent direct notice of the forfeiture action to Insung Hwang, Jeongsun Yun, and Daniel Schmid via certified and first class mail. Doc. 7.[1] As detailed in the notice of forfeiture action, a potential claimant has thirty-five days in which to file a verified claim with the Clerk of the Court and serve such claim upon the government. The government also notified any unknown potential claimants by publication. Notice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 14, 2023, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Publication was completed on December 13, 2023. *See* Notice of Service by Mail and Publication. Doc. 7. The government may rely on publication when direct notice to a potential claimant is not possible. *Johnson v. United States*, 2004 WL 2538649, *4 (S.D. Ind. 2004) (publication is adequate notice if direct notice is not

---

[1] Insung Hwang, Jeongsun Yun, and Daniel Schmid are the three victims to whom the Court ordered direct notice be sent. Doc. 5.

possible). To date, no claim, answer or responsive pleading has been filed or served upon the government.

On February 27, 2024, the government applied for an entry of default as to the interests of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others and on February 29, 2024 the Clerk entered an amended default. Docs. 9, 11. To the government's knowledge, the foregoing potential parties are not an infant or an incapacitated person, or in the military service of the United States within the meaning of the Service Members Civil Relief Act, as amended. *See* Doc. 9, Application for Entry of Default.

## ANALYSIS

This civil *in rem* forfeiture proceeding is governed by Rule G of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* Supplemental Rule G(1). Supplemental Rule G(5)(a)(i) requires that once the Government has complied with subsections two through four of the Rule (setting forth the requirements for the complaint, judicial authorization and process and notice), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a)(ii)(A) provides that, "[u]nless the court for good cause sets a different time," the claim must be filed "by the time stated in a direct notice sent under Rule G(4)(b)," which must be "at least 35 days after the notice is sent" under Supplemental Rule G(4)(b)(ii)(B) or "no later than 60 days after the first day of publication on an official internet government forfeiture site."

The government complied with its statutory notice obligations by executing process against the defendant, serving its notice of forfeiture action on all persons believed to have an interest in the defendant property, in addition to service by publication. No person has contested the allegations contained in the government's complaint and the time for doing so has passed, therefore the facts set forth in the complaint are sufficient to warrant the forfeiture of the defendant property.

In making the determination of whether to enter a default judgment, the Court can consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of

plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). After weighing these factors, a default judgment should be entered.

With regard to the second and third *Eitel* factors, which concern the merits of the plaintiff's substantive claims and the sufficiency of the complaint, to prevail in an action under 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1)(A), the government must prove by a preponderance of the evidence that the property: (1) constitutes or derives from proceeds traceable to a violation of a specified unlawful activity as defined in 18 U.S.C. § 1956 (c)(7), including wire fraud, 18 U.S.C. § 1343, or a conspiracy to commit such offense and/or (2) was involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957, money laundering. *United States v. $191,910 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir. 1994), superseded by statute on other grounds by Civil Asset Reform Act of 2000 ("CAFRA"), Pub. L. No. 106–185. When the government's theory of forfeiture "is that the property was used to commit or facilitate the commission of a criminal offense," or was involved in the commission of a criminal offense, it also must establish a substantial connection between the property and the offense. *See* 18 U.S.C. § 983(c)(3). The government can meet its burden of proof based on the aggregate of the facts, including any circumstantial evidence. *See United States v. Currency, U.S. $42,500*, 283 F.3d 977, 980 (9th Cir. 2002). The factual allegations contained in the verified complaint satisfy the government's burden of proof of a substantial connection between the defendant property and the offenses as the virtual currency was the proceeds of wire fraud, or a conspiracy to commit wire fraud, and/or was involved in money laundering.

The following summarizes some of the evidence presented in the verified complaint establishing the nexus between the defendant property and the offenses:

    a. The "pig butchering" fraud behavior described by victims I.H. and D.S. in

- 4 –

which they were befriended then tricked into depositing large amounts of cryptocurrency into the addresses of swindlers Emily and Eiko, Doc. 1 ¶¶ 18-37;

b. The romantic, or close, personal relationship, and financial interest, of young attractive strangers to the victims, Doc. 1 ¶¶ 19-21 and 30-32;

c. The virtual and anonymous nature of the relationships between the victims and the fraudsters, Doc. 1 ¶¶ 19 and 30;

d. I.H. being locked out of his fictitious account when he later tried to withdraw funds, Doc. 1 ¶ 26;

e. I.H. being encouraged to deposit more by Emily into the fraudster's addresses if he wanted to regain his earlier transferred funds, Doc. 1 ¶ 27-28;

f. Emily's brazen admission to I.H. that she had defrauded him all along, Doc. 1 ¶ 28;

g. The use of means of wire, radio, or television communication in interstate or foreign commerce, including WhatsApp, Facebook, and/or Instagram, to execute the fraudulent schemes that resulted in I.H. and D.S. losing their property, Doc. 1 ¶¶ 19, 21, and 30;

h. Cryptocurrency activity consistent with that of pig butchering and money laundering (extremely rapid movement of large cryptocurrency amounts into a wallet address that is immediately transferred to other wallet addresses), Doc. 1 ¶¶ 23-27, 34-36, and 38-39; and

i. Law enforcement tracing of I.H. and D.S.'s stolen funds to the defendant property, Doc. 1 ¶¶ 38-39.

These factors all further establish the second and third *Eitel* factors, the merits of the government's substantive claims and the sufficiency of the complaint.

The remaining *Eitel* factors also weigh in favor of granting the government's motion for default judgment. With regard to the first factor, possible prejudice to plaintiff, denying the motion would unduly prejudice the government because it would be required to litigate this

action even though no potential claimant has appeared to contest this forfeiture. *See United States v. $27,800 in U.S. Currency*, Case No. 17-CV-00533-AJB-KSC, 2017 WL 6345394, at *4 (S.D. Cal. Dec. 8, 2017) (*citing United States v. Approximately $28,000 in U.S. Currency*, No. 09-5377 SC, 2010 WL 1340110, at *4 (N.D. Cal. Apr. 5, 2010) (pointing out prejudice where the government would have to expend further time and effort in an action that has no opposing party)). The fourth *Eitel* factor, "the sum of money at stake," further warrants entry of a default judgment. Although the 212883.834297 Tether ("USDT") recovered is a substantial amount of virtual currency seized, evidence presented by the government shows it was stolen from the before-mentioned victims by unscrupulous fraudsters. And, as noted in the complaint, once forfeited the government will consider the victims' petitions for remission pursuant to the Attorney General's authority under 18 U.S.C. § 981(d) to dispose of petitions for remission. Doc. 1, ¶13.

The fifth *Eitel* factor, "the possibility of a dispute concerning material facts," also warrants entry of a default judgment. No claim or answer has been filed so there is no possibility of a factual dispute by any potential claimant. *See $27,800 in U.S. Currency*, 2017 WL 6345394, at *4. With regard to the sixth *Eitel* factor, no evidence exists to suggest that the default was due to excusable neglect by any potential claimant and the government has complied with all noticing requirements. Finally, although cases should be decided on the merits when possible, neither Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, nor any other potential claimant has filed a claim or an answer so a decision on the merits here is "impractical, if not impossible." *See $27,800 in U.S. Currency*, 2017 WL 6345394, at *4 (*citing PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

All seven *Eitel* factors weigh in favor of the entry of a default judgment.

## CONCLUSION

Due to the failure of any party to plead or otherwise defend in this action, the Government requests a judgment by default against the interests of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others in defendant property, in favor of the United States. A proposed judgment is attached.

Respectfully submitted this 15th day of March, 2024.

          GARY M. RESTAINO
          United States Attorney
          District of Arizona

          *S/Joseph Bozdech*
          JOSEPH BOZDECH
          Assistant United States Attorney