**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, Plaintiff -vs- 212883.834297 Tether ("USDT"), Defendant. | CV-23-2369-PHX-JFM  **Order** |

The Government has filed a Motion for Entry of Default Judgment (Doc. 12). The Government, the only party appearing herein, has agreed to magistrate jurisdiction (Doc. 5). *See United States v. Real Prop.*, 135 F.3d 1312, 1316 (9th Cir. 1998) (non-appearing potential claimant not a "party" for purposes of finding consent to magistrate judge jurisdiction).

**Arrest of Property** - The Verified Complaint for Forfeiture In Rem in this matter was filed November 13, 2023 (Doc. 1), seeking forfeitures pursuant to 18 U.S.C. § 924(d) because the defendant property constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), including but not limited to wire fraud, 18 U.S.C. § 1343, or a conspiracy to commit such offense. The Complaint identified potential known claimants Laing Jiner, I.H., wife of I.H. and D.S. A Warrant of Arrest in rem (Doc. 3) was issued November 21, 2023. On November 24, 2023, a Notice of Arrest (Doc. 6) was filed stating that the Federal Bureau of Investigation had seized and taken possession of the defendant property.

**Service and Default** - A Notice of Service by Mail and Publication pursuant to Fed. R. Civ. P., Supplemental Rule G(4), was filed January 17, 2024 (Doc. 7) asserting notice by publication on an official internet government forfeiture site for 30 consecutive days ending December 13, 2023, and mailed notice to potential claimants sent December

18, 2023.  On Application (Doc. 9) by the Government, February 29, 2024, an Amended Entry of Default (Doc. 11) was entered regarding the interests of the known potential claimants, Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and all others in the defendant properties named in the Government's complaint.

**Status of Known Potential Claimants** – To satisfy the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(2), the Application for Entry of Default attaches a Declaration (Doc. 9-1) from Plaintiff's counsel asserting under penalty of perjury the named potential claimants are not in military service, and upon information and belief they are not minor or incompetent persons.  The Declaration has appended statements from Department of Defense personnel that assert that the various potential claimants are not on "active duty status" with any of the various Uniformed Services.  *See* 50 U.S.C. § 3911 (defining "military service" generally as active duty).

The affidavit regarding service is required "before entering judgment," not before entry of default. Thus, courts have concluded that the affidavit should ordinarily be made at the time of seeking default judgment, not when seeking entry of default.  *See e.g. In re Cool's Est.,* 18 A.2d 714 (N.J. Orph. 1941); and *B. & B. Sulphur Co. v. Kelley*, 61 Cal. App. 2d 3, 7, 141 P.2d 908, 910 (1943).  In this instance, however, the Court observes that only 17 days expired between the date of the Declaration and the filing of the Motion for Default Judgment.  That is sufficiently close to the date of Motion for Default Judgment to satisfy the Court that the Potential Claimants are not in military service.

**Motion for Default Judgment** - The Government has now moved for default judgment (Doc. 12).  Upon consideration, the Court finds that there is no just reason for delaying entry of judgment against defendant property.  The Court finds that service of process has been duly made in accordance with law and that no party has claimed said defendant property or has pled, answered or otherwise appeared in these proceedings and are now in default, and the Court further finds that from an examination of the record the allegations contained in the verified Complaint are true. Further, the Court finds persuasive and adopts the Government's analysis regarding the factors set forth in *Eitel v. McCool*,

782 F.2d 1470, 1471-72 (9th Cir. 1986) (prejudice, merits, sufficiency of complaint, possible disputes, excusable neglect, policy for decision on the merits).

For good cause shown,

**IT IS THEREFORE ORDERED:**

(A) Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED**.

(B) A default judgment be entered that the interests of Liang Jiner, Insung Hwang, Jeongsun Yun, Daniel Schmid, and any other party in the following defendant property are forfeited to the United States of America: 212883.834297 Tether (USDT).

(C) The Defendant property be disposed of according to law.

(D) The Clerk must enter judgment accordingly.

Dated: March 19, 2024

23-2369-012o Order 24 03 18 on Motion for Default Judgment.docx

James F. Metcalf
United States Magistrate Judge